William Edelman (SBN 285177)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Tel.: (866) 252-6941
wedelman@milberg.com

*Additional Counsel on Signature Page*

*Attorneys for Jane Doe Interested Parties*

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW WEISS, CALIFORNIA STATE UNIVERSITY, SAN BERNADINO, BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, and KEFFER DEVELOPMENT SERVICES, LLC, <br><br> Defendants. | Case No.: 5:25-cv-00997-HDV-MBK |

### NOTICE OF INTERESTED PARTIES AND RELATED CASE

By Order dated May 23, 2025, Judge Mark A. Goldsmith of the Eastern District of Michigan consolidated eight cases pending before him.[1] A copy of the Order is

---

[1] Case numbers are:
  1. 25-10806, *Doe 1 et al v. Weiss et al.*

attached as **Ex. A**. Each case is based on allegations that a former University of Michigan football coach, Matthew Weiss, exploited vulnerabilities in student-athlete data systems utilized by Keffer Development Services, LLC. In addition to the eight Eastern District of Michigan cases, five other similar cases have been filed in different districts based on those same allegations, including this case.[2]

In Judge Goldsmith's May 23, 2025 Order, he also resolved competing leadership motions. He appointed as interim co-lead counsel: Parker G. Stinar of Stinar, Gould, Grieco, & Hensley, P.L.L.C.; James Pizzirusso of Hausfeld LLP; and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC. Nathan Fink of Fink Bressack was appointed interim liaison counsel (the leadership group in the Eastern District of Michigan is referred to as the "Leadership Group"). The court declined to

---

2. 25-10855, *Doe I et al v. Weiss et al.*
3. 25-10870, *Roe CLF 001 v. Weiss et al.*
4. 25-10876, *Doe v. University of Michigan Board of Regents et al.*
5. 25-10951, *Doe v. Board of Regents of the University of Michigan et al.*
6. 25-10946, *Doe 1 et al v. The Regents of The University of Michigan et al.*
7. 25-10988, *Doe v. Weiss et al.*
8. 25-10999, *Doe v. Board of Regents of the University of Michigan et al.*

[2] Those are:
1. Northern District of Illinois: *Doe v. Weiss et al*, 25-04233;
2. Northern District of Ohio: *Doe v. Weiss et al*, 25-00827;
3. Central District of California: *Doe v. Weiss et al*, 25-00997;
4. Middle District of North Carolina: *Doe v. Weiss et al*, 25-00303;
5. District Court of Massachusetts: *Doe v. Weiss et al*, 25-11151.

appoint a different group of plaintiffs' counsel who filed this case (the "Non-leadership Group") to leadership.[3]

The Leadership Group has come to learn that the Non-leadership Group has sought leadership in each case not consolidated with Judge Goldsmith, despite the complete overlap in class definitions. The class definition in the first filed case that was filed by the Leadership Group in the Eastern District of Michigan is: All persons whose personal information, images, data, social media, or videos were access by Weiss without authorization. See, ECF No. 1, PageID.21 at ¶ 110 in Case No. 25-10806, *Doe 1 et al v. Weiss et al.,* United States District Court for the Eastern District of Michigan. That definition has been reused in every case subsequently filed, both those filed within Michigan and those filed outside of Michigan, including in this one.

The only court outside of Michigan to rule on the leadership requests appears to be Chief Judge Sara Lioi in the Northern District of Ohio, by Order dated May 30, 2025. A copy of the Order is attached as **Ex. B.** Chief Judge Lioi denied the request to appoint leadership in a manner differently than appointed in the Eastern District of Michigan. See Northern District of Ohio, Case No. 25-00827, *Doe v. Weiss et al*. at

---

[3] In the Eastern District of Michigan, the court also scheduled a status conference to discuss the composition of the executive committee for June 12, 2025 at noon. The Leadership Group has extended an opportunity to the Non-leadership Group to participate in the executive committee in the lead case in the Eastern District of Michigan.

Doc # 18. The court first observed that the request was premature because there is only one case in that court based on the "Weiss" or "Keffer" allegations. *Id.* at PageID # 402. The court also noted leadership motions are reserved for situations where there is leadership competition in a single court, but that there is no competition in that court because there is only one group of plaintiff counsel who have filed in that court. *Id.* at PageID # 403. Finally, the court noted that the Non-leadership Group appears inappropriately to be seeking to circumvent the leadership determination of the Eastern District of Michigan. *Id.* at PageID # 404. The court stated:

> Such a conclusion is bolstered by the fact that Doe invited this Court to rule on the pending motion before the date of the initial conference in the Michigan cases, where the court and counsel were expected to discuss issues including consolidation and the appointment of interim counsel. (*See* Doc. No. 7, at 23 (noting that "[a]lthough this case is in its infancy . . . , it is part of a larger set of cases. The May 14th case management conference in the Michigan cases is a good example of the activities that are likely to take place in the various cases now on file, and a good basis to make an early interim class counsel appointment in this case").). **This Court does not wish to be a party to what appears to be a jockeying for position**, particularly when there are multiple older consolidated cases pending in another district.

*Id.* (Emphasis added).

For the same reasons identified by Chief Judge Lioi in her May 30, 2025 Order, the request for leadership in this case is premature and unnecessary. There is only one case and one group of counsel in this court. There is no leadership competition requiring a leadership decision. The second sentence of Rule 23(g)(2) simply has no

application unless there is more than one applicant, and there is not more than one applicant here. The putative class definitions are also identical and therefore subsumed by the first filed case in Michigan. As Chief Judge Lioi found, this court may not wish to participate in any such "jockeying for position."

Date: June 10, 2025                              Respectfully Submitted,

                                                                By:   /s/ *Parker Stinar*
                                                                     Parker Stinar
                                                                     Michael Grieco
                                                                     **STINAR GOULD GRIECO & HENSLEY, PLLC**
                                                                     101 N. Wacker Dr., Floor M, Suite 100
                                                                     Chicago, Illinois 60606
                                                                     T: (312) 728-7444
                                                                     parker@sgghlaw.com
                                                                     mike@sgghlaw.com
                                                                     bryce@sgghlaw.com

                                              By:   /s/ *Patrick Lannen*
                                                                     Patrick Lannen
                                                                     Erik Johnson
                                                                     **STINAR GOULD GRIECO & HENSLEY, PLLC**
                                                                     550W. Merrill Street, Suite 249
                                                                     Birmingham, Michigan 48009
                                                                     patrick@sgghlaw.com
                                                                     (269) 370-1746
                                                                     erik@sgghlaw.com
                                                                     (248) 221-8561

By: /s/ *Brian Glasser*
Brian A. Glasser
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Phone: (202) 463-2101
bglasser@baileyglasser.com

By: /s/ *Bart Cohen*
Bart D. Cohen
**BAILEY & GLASSER LLP**
1622 Locust Street
Philadelphia, PA 19103
Phone: (267) 973-4855
bcohen@baileyglasser.com

By: /s/ *David Selby, II*
David L. Selby, II *(admission pending)*
**BAILEY & GLASSER LLP**
3000 Riverchase Galleria, Suite 905
Birmingham AL 35244
Phone: (205) 628-7575
dselby@baileyglasser.com

By: /s/ *John W. Barrett*
John W. Barrett
Katherine E. Charonko
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
jbarrett@baileyglasser.com
kcharonko@baileyglasser.com

By:   /s/ *Aimee H. Wagstaff*
Aimee H. Wagstaff
Benjamin Gillig
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Tel: 303-376-6360
awagstaff@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

By:   /s/ *Nathan Fink*
David H. Fink
Nathan J. Fink
**FINK BRESSACK PLLC**
38500 Woodward Avenue, Ste 350
Bloomfield Hills, MI 48304
248-971-2500
dfink@finkbressack.com
nfink@finkbressack.com

By:   /s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV
Grayson Wells
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
gwells@stranchlaw.com

By:   /s/ *Raina Borrelli*
Raina Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
raina@straussborrelli.com

By:   */s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

By:   */s/ James J. Pizzirusso*
James J. Pizzirusso
**HAUSFELD LLP**
1200 17th St NW Suite 600,
Washington, DC 20036
T: 202.540.7200
jpizzirusso@hausfeld.com

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2025 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ William Edelman*
William Edelman (SBN 285177)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Tel.: (866) 252-6941
wedelman@milberg.com